IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ZACHARY BOUVIER TAYLOR, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 1:07-CV-221 (WLS) |
| | : | |
| Georgia Department of Corrections | : | |
| Healthcare employees at Jimmy Autry | : | |
| State Prison in Pelham, GA 31779 and | : | |
| Valdosta, GA; Mr. LUGO; LESLIE | : | |
| ANNE LUNNEY; Mr. COOK; | : | |
| a black woman d/b/a/ a nurse in | : | |
| Valdosta, Georgia, | : | |
| | : | |
| Defendants | : | |
| | : | **ORDER** |
| _____ | : | |

      Plaintiff **ZACHARY BOUVIER TAYLOR**, an inmate at Valdosta State Prison in Valdosta, Georgia, submitted a letter to the United States District Court for the Northern District of Georgia. In this letter, plaintiff referred to himself as "God's Messenger" and "Zach the Black Power Ranger." Plaintiff alleged that an inmate at Jimmy Autry State Prison (Mr. McDuffie) had "knowing[ly] and intentionally committed first degree felony murder attempts on 'Zach' the Royal Ranger, God's Messenger." Plaintiff stated that Mr. McDuffie "had earned the death penalty for good cause" and requested that Mr. McDuffie "receive deadly force by law enforcement officers, law enforcement agents, and law enforcement agencies, immediately and for good cause."

      The United States District Court for the Northern District of Georgia docketed the letter as a *pro se* 42 U.S.C. § 1983 complaint and transferred the action to this Court.

## I. ADOPTION OF THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As an initial matter the Court notes that on February 4, 2008, the United States Magistrate Judge entered a Recommendation on Motion for a Restraining Order. (R. at 9). It was recommended that plaintiff's motion for a preliminary injunction or temporary restraining order be denied.

Plaintiff has filed his objections. (R. at 16).

Upon full review and consideration of the record, the Court finds that said Recommendation (R. at 9) should be and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court. The Court has reviewed and carefully considered Plaintiff's objections to the Magistrate Judge's Recommendation, but concludes that these objections do not warrant rejection or modification of the Magistrate Judge's findings.

## II. STANDARD OF REVIEW UNDER 42 U.S.C. § 1983

The Court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous, or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford*

*Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

On December 26, 2007, this Court ordered plaintiff to pay the $350.00 filing fee or submit a financial affidavit seeking leave to proceed *in forma pauperis*; as he had done neither when he submitted his letter to the United States District Court for the Northern District of Georgia. This Court also ordered plaintiff to present his claims on the required 42 U.S.C. § 1983 form. The Clerk of Court submitted all of the required forms to plaintiff.

In response plaintiff submitted various illegible, nonsensical, and delusional letters and documents to the Court.[1] (R. at 3, 4, 5, 6, 7, 8). However, he failed to submit the required 42 U.S.C. § 1983 form or any of the required financial information.

In an Order dated February 2, 2008, the Court provided plaintiff one last opportunity to comply with the Court's December 26, 2007 Order. The Court explained to plaintiff that he must submit his complaint on the required 42 U.S.C. § 1983 form. Additionally, the Court also ordered plaintiff to either pay the $350.00 filing fee or complete and return the financial affidavit and a certified copy of his prison trust fund account to this Court. Plaintiff was given until February 15, 2008 to comply with this Order.[2]

---

[1] Plaintiff continued to call himself "Zach the Black Power Ranger," and referred to himself variously as "a prison chaplain," and "special counsel to the Georgia Department of Corrections." Plaintiff provided the Court with detailed employment information regarding various members of his family, and requested that the Court help him obtain "a lifetime appointment to serve as the Speaker of the General Assembly, the Great State of Georgia."

[2] On February 25, 2008, plaintiff requested an extension of time to submit his "*in forma pauperis* motion to proceed and the affidavit in support of request to proceed *in forma pauperis*." However, plaintiff had already filed his motion and affidavit in support of request to proceed *in forma pauperis*. He had not filed the required certified copy of his trust fund account statement. Therefore, the Court granted him until March 10, 2008 to file a certified copy of his inmate trust

On February 20, 2008, plaintiff submitted the first page of the 42 U.S.C. § 1983 complaint form. On this page, he named the following defendants:

> Georgia Department of Corrections Healthcare employees at Jimmy Autry State Prison, in Pelham, GA 31779, and in Valdosta, Georgia, (i.e. Mr Lugo, a quack Hispanic); A quack black African American employee; Ms. Leslie Anne "Lunney," Mr. Cook, and a black woman d/b/a a nurse in Valdosta, Georgia.

On this same page, plaintiff indicated that he was not convicted and no charges were currently pending against him. Plaintiff stated that "the time has come to return Zachary B. Taylor to his family."

Six days later, the Court received pages two through five of plaintiff's 42 U.S.C. § 1983 form. Plaintiff alleged as follows in this complaint: "Certain Georgia Department of Corrections employees . . . threatened to make God's Messenger 'Zach', the royal Ranger suffer involuntary medication because of the calling that God has on Zachary Bouvier Taylor's life."

The Court is not sure why, but plaintiff also explained that "Dr. Ron Cottle, PhD, EdD, is Zachary Bouvier Taylor's Father in the Lord" and he has "declared that the Ministry is the only profession that matters." For reasons untold plaintiff provided information regarding "musical recording artist Randy Travis" who apparently produced " a song entitled 'Three Wooded Crosses'." Plaintiff alleged that "God has allowed Zachary Bouvier Taylor to take 'a leap of faith' when Zachary . . . walked away from the third vehicular wreck, where the vehicle was a total loss, God told Zachary . . . that automobiles and materialistic things are replaceable. People are not."

---

fund account statement. The Court has not received this document. However, for purposes of this dismissal alone, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*, as it appears plaintiff is simply unable to comprehend and comply with the Court's instructions regarding the certified copy of his trust fund account.

Plaintiff requested that the Court order that he not be given medication that he "considers not to be part of the vegan diet"; that he be immediately released from confinement; and that the Court order "the Walter F. George School of Law . . . to confer a law degree . . . upon law student Zachary Bouvier Taylor." Plaintiff also seemed to indicate that he is a "'doctoral student" at Auburn University and requested the Court to "demand written confirmation on transcripts and diplomas from Auburn University."

In relation to plaintiff's allegation that "certain Georgia Department of Corrections employees . . . threatened to make God's Messenger 'Zach', the royal Ranger suffer involuntary medication because of the calling that God has on Zachary Bouvier Taylor's life," courts have held that allegations of threats by prison officials are not actionable under 42 U.S.C. § 1983. *Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982). Moreover, plaintiff seems to allege that Mr. Lugo, Ms. Lunney, and Mr. Cook were involved in this threat to give him medication. All of these defendants, based on plaintiff's allegations, are employed at Jimmy Autry State Prison. Plaintiff requests injunctive relief in the form of a "court order . . . that prohibits the usage of medication that [plaintiff] considers not to be part of the vegan diet." Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985). Plaintiff has been transferred from the Jimmy Autry State Prison, and, therefore, his request for injunctive relief against these defendants is moot.

Moreover, the only defendant that plaintiff has attempted to name at Valdosta State Prison is a person he identifies as "the black African-American woman who claimed to be a nurse at Valdosta State Prison." Aside from the fact that the Court does not know exactly why plaintiff lists this unidentified person as a defendant, the Court has no absolutely no way of identifying or serving

process on this nameless nurse.

The Court also has no way of granting the other relief that plaintiff requests. Release from prison is not a remedy that is available under 42 U.S.C. § 1983. ***Preiser v. Rodriguez***, 411 U.S. 475 (1973). Moreover, the Court obviously cannot make plaintiff a permanent member of the Georgia General Assembly (as he requested in an earlier filing); make the Walter F. Georgia School of Law grant him a Juris Doctor Degree; or demand any transcripts or diplomas of Auburn.

Finally, the Court, after a painstaking review of plaintiff's complaint and numerous other filings, has determined that plaintiff's "complaint is 'fanciful,' 'fantastic' and 'delusional'." ***O'Leary v. Baker***, 2007 U.S. Dist. LEXIS 79875 at *3 (M. D. Ga. October 29, 2007). Courts have explained that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." ***Denton v. Hernandez***, 504 U.S. 25, 33 (1992). Such is the situation in this case.

For the reasons discussed above, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this   14th   day of March, 2008.

　　　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands  
　　　　　　　　　　　　　　　　　　　　W. LOUIS SANDS  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

lnb